UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CRYSTAL DAVIS | § | Case No. 2:16-cv-22-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| CREDIT BUREAU OF THE SOUTH, INC. | § | |
| | § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion for Attorney Fees by Plaintiff, Crystal Davis. (Dkt. No. 49). Davis filed this action contending that Defendant, Credit Bureau of the South ("CBOTS") (i) violated 15 U.S.C. § 1692e(16) of the Fair Debt Collection Practices Act ("FDCPA") by falsely representing itself as a consumer reporting agency and/or credit bureau when in fact it is a debt collector, and also (ii) violated Texas Financial Code § 392.305 because CBOTS acted as a debt collector and has the words "credit bureau" in its name. The Court found that the summary judgment evidence established that Defendant engaged in debt collection activities in Louisiana while using the term "credit bureau" in its name, even though it ceased to be a consumer reporting agency years ago. Under the holding of *McKenzie v. E.A. Uffman & Associates, Inc*., 119 F.3d 358 (5th Cir. 1997) (Wisdom, J.), those facts constitute the false representation or implication that it is a consumer reporting agency in violation of the FDCPA. *Id*. at 360. Based on that violation, the Court entered Judgment for the statutory damage amount of $1,000 against Defendant. (Dkt. Nos. 47 and 52).

While the Texas statute clearly proscribes the use of the term "credit bureau" by a debt collector, the summary judgment record did not support the conclusion that Defendant, a Louisiana entity, engaged in debt collection activities in Texas. Indeed, the record supports the conclusion that

Plaintiff colluded with her counsel to create the appearance that Defendant had done so. Plaintiff worked in the Shreveport law office of her counsel of record. Her counsel had filed other actions against CBOTS in Louisiana without the success he hoped for. He apparently directed Plaintiff to call CBOTS, from whom she had received correspondence about an unpaid water bill, and ask them to send a copy of the bill to her parents' home in Harrison County, Texas. Her counsel recorded Plaintiff's telephone conversation with CBOTS, which was made from his office. Plaintiff used the letter mailed to her parents' home as the basis for her venue in this action, and the basis of the Texas state law cause of action. The Complaint filed in this action represents that Plaintiff is a citizen of Texas, residing in Harrison County. (Dkt. No. 1 at 2). As discussed at length during the October 31, 2016 hearing in this matter (Dkt. No. 53), Defendant learned during discovery that Plaintiff was employed by Plaintiff's counsel in Shreveport, Louisiana, lived with her boyfriend in Shreveport, registered her car in Louisiana, registered to vote (and voted) in Louisiana, filed tax returns as a Louisiana resident, and had a Louisiana driver's license (all at the address where she and her boyfriend lived). Plaintiff represented that she received some mail at her parents' address in Texas and returned there weekly. Plaintiff had no credible evidence of actual damages[1] and thus was awarded only the $1,000 statutory damage amount under the FDCPA.

To say that the Court is stunned by the Plaintiff's request for $130,000 in attorney's fees is an understatement. The record reflects neither the quality of legal work necessary for the requested hourly billing rate ($450.00 per hour), nor the quantity of work to support the 156.55 hours claimed by Jonathan Raburn and the 133.25 hours claimed by Dennis McCarty.[2] Plaintiff's counsel seem to

---

[1] Incredibly, Plaintiff alleged that she was seeing a counselor (in Shreveport) for mental anguish arising from this claim (that Defendant used the term "credit bureau" in the letter seeking payment of an unpaid water bill). (Dkt. No. 50-2).

[2] In the body of the Motion (Dkt. No. 49 at unnumbered pages 4-6) Raburn and McCarty each claim 156.55 hours, but the attached exhibits, and the arithmetic, suggest the above hours.

believe that prevailing on a very simple claim under the FDCPA gives rise to a blank check for attorney's fees. Indeed, Plaintiff's counsel surprisingly admit in their motion that they "warned Defendant to take the mediation seriously because the attorney's fees was [sic] going to be incredibly high if it couldn't get resolved." (Dkt. No. 49 at p. 3, July 29, 2016). Their settlement email threatened $200,000.00 in fees. (Dkt. No. 49-3).

The purpose of the statutory attorney fee provision in the FDCPA is to encourage lawyers to take meritorious (only a prevailing plaintiff can receive fees) cases arising under the Act even though the recoverable damages might be too small to provide a reasonable fee otherwise. The goal of the part of the FDCPA underlying Plaintiff's claim is to prevent persons subject to debt collection efforts from being misled by debt collectors into believing that the collector is a disinterested credit reporting agency. Plaintiff was not ever misled by Defendant, since her lawyer/employer was encouraging her to interact with Defendant, knowing it had long ceased being a credit reporting agency and was now merely a debt collector, despite its name. Similarly, Plaintiff did not need the promise of a statutory attorney's fee to recruit a lawyer to take her case, since her counsel essentially created her claim.

Courts have broad discretion in considering requests for attorney's fees. While limited success is not generally a basis to deny attorney's fees entirely, it is a factor that can be considered in reducing a fee award. *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Plaintiff's success here was limited, as she failed on the Texas law claim and on the claim for compensatory and exemplary damages under the FDCPA. Similarly, the court is directed to reduce a fee request where there is unnecessary duplication of effort by multiple counsel. *Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996). The time records attached to the motion show substantial duplication of effort between Plaintiff's two counsel seeking fees. (Dkt. Nos. 49-1 and

49-2). This case is certainly not complex enough to require or even justify multiple counsel.

The court is also directed to exclude all time that is excessive. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The claim on which Plaintiff prevailed was very simple, involving just the undisputed name of Defendant's business and the indisputable fact that it is a debt collector no longer operating as a credit reporting agency. Plaintiff took but one deposition. The law was simple with a Fifth Circuit case on point. The case was disposed of on summary judgment. The only complexity was introduced by the collusive conduct of Plaintiff and her counsel outlined above. The combined total of nearly 300 hours sought by Plaintiff is excessive by orders of magnitude.

The final ingredient in the fee calculus is the reasonable hourly rate for the services rendered by counsel. Plaintiff has offered information about the experience of her counsel in the area of FDCPA litigation. However, the best gauge the Court has of the ability of counsel is the work they have done before the Court, both in the pleadings and at the hearings. Based on that evidence, and on the Court's familiarity with the prevailing hourly rates in this jurisdiction, the requested rate exceeds by half the rate justified by the work performed for Plaintiff in this case.

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court laid down the general principle that under the statutory fee provisions of remedial federal legislation, "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless some special circumstances would render such an award unjust.'" (quoting *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402 (1968)). There is little jurisprudence on just what facts constitute "special circumstances" that "would render such an award unjust."[3] Even without such guidance, the Court is confident that the circumstances of this case fall into that category. It appears that this cause of action was created by counsel for the purpose of generating, in counsel's own words, an "incredibly high" fee request.

---

[3] "The presence of bad faith conduct on the part of a plaintiff would surely be an unusual circumstance justifying a denial of an attorney's fee." *Graziano v. Harrison,* 950 F.2d 107, 114 n. 13 (3d Cir. 1991) (applying the FDCPA).

4

While Defendant has been found to have committed a violation of the FDCPA, which ordinarily justifies an award of fees as a disincentive to future similar conduct, the Court is even more concerned about disincentivizing the conduct of Plaintiff's counsel.

Accordingly, Plaintiff's Motion for Attorney's Fees (Dkt. No. 49) is DENIED.

**SIGNED this 4th day of September, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE